An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEMETRIUS METMET BLACK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63880

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to an *Alford* plea, *see North Carolina v. Alford*, 400 U.S. 25 (1970), of one count each of conspiracy to commit robbery, robbery with the use of a deadly weapon, and first-degree kidnapping. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Demetrius Metmet Black contends that the district court erred by denying his presentence motion to withdraw his guilty plea, which alleged that withdrawal was necessary because the district court improperly participated in the plea negotiation. We agree.

Immediately after Black's co-defendant pleaded guilty at a calendar call, the judge asked Black's counsel, Michael Sanft, if Black's case had also been resolved or if it was going to proceed to trial. Mr. Sanft informed the court that the case had not been resolved and they were prepared to proceed to trial the following week. The judge reiterated that they would be going to trial, and the prosecutor, Shanon Clowers, then asked if she could make a record of the plea deal offered to Black. Ms.

14-11402

Clowers explained all of the original charges that Black was facing in this matter, as well as in two other matters, and the maximum penalties Black would face on those charges. Ms. Clowers stated that the plea negotiations "package[d] everything up" and greatly limited Black's sentencing exposure. She then stated she wanted to make sure that Black understood that by rejecting the negotiation, he would "open himself to being sent to prison for over a hundred years." The following exchange then occurred:

> THE COURT: And you think it's in your best interest to go to trial? You've explained to him, Mr. Sanft, that I'm probably the toughest sentencer in the building.
>
> MR. SANFT: I think both he and his family understand that.
>
> THE COURT: Okay. That's fine. Sometimes, Mr. Sanft, it's just a slow plea.
>
> MR. SANFT: Yes, Your Honor.
>
> [Colloquy between Counsel and the Defendant]
>
> THE COURT: And, Mr. Sanft, explain to him what – had the codefendant just made admissions that he and Mr. Black did this stuff.
>
> MR. SANFT: Yes, Your Honor. He –
>
> THE COURT: Proof problem is now not quite as difficult, to me.
>
> MR. SANFT: No, Your Honor, it's not.
>
> [Colloquy between Counsel and the Defendant]
>
> THE COURT: All right. 9:30, Tuesday. We'll pick a jury. Talk to him about an *Alford* plea, if you want, take an *Alford* plea.
>
> MS. CLOWERS: I'm fine with that, Judge.

SUPREME COURT
OF
NEVADA

(O) 1947A

THE COURT: Do you want to talk to him about an *Alford* plea?

MR. SANFT: I'll just have a second with him out here, Your Honor.

[Matter trailed at 9:24 a.m.]

[Matter recalled at 9:52 a.m.]

THE COURT: C280797, Demetrius Black.

Why don't you get Mr. Black back in? Are we going to trial on Tuesday?

MR. SANFT: Your Honor, I'd like to have an opportunity of my client speaking to his brother. I've spoken with the COs and they've agreed to allow him to at least have a few words before –

THE COURT: Yes, if they – I'm going to step out.

MR. SANFT: Yes, Your Honor.

THE COURT: State will step out as well. The attorneys.

. . .

We'll let you get – we'll clear—we'll clear the State out. I'll leave. Staff will leave.

MR. SANFT: Staff could stay here, Your Honor. I don't – there's nothing privileged about it. I think there just –

THE COURT: Okay.

MR. SANFT: — needs to be a conversation. So.

[Matter trailed at 9:53 a.m.]

[Matter recalled at 10.17 a.m.]

THE COURT: C280797, Demetrius Black.

My understanding this case is negotiated.

MR. SANFT: It has been, Your Honor.

Thereafter, the judge conducted a plea canvass and accepted Black's *Alford* plea.

Prior to sentencing, Black filed a proper person motion to withdraw his plea. The judge appointed counsel to assist Black with the motion and counsel filed a supplemental motion to withdraw the guilty plea. Black asserted that the judge improperly participated in the plea negotiations and the participation coerced him into pleading guilty. He further stated that he wanted to proceed to trial. The judge denied the motion, saying that he was not trying to force a negotiation, but was bringing matters up to see if counsel had adequately discussed them with Black, which the judge believed he was obligated to do.

We conclude that the judge improperly participated in the discussions of the plea agreement. *See Cripps v. State*, 122 Nev. 764, 770-71, 137 P.3d 1187, 1191 (2006) ("[J]udicial participation in the formulation or discussions of a potential plea agreement [are prohibited] with one narrow, limited exception."). Although it was proper for the district court to allow the parties to make a record that a plea had been offered, identifying the details of the offer; the plea offer had been communicated to Black; and Black rejected the offer, *see Missouri v. Frye*, ___ U.S. ___, ___, 132 S. Ct. 1399, 1408-09 (2012), the judge's statement that he is "the toughest sentencer in the building," his opinion that the State would now have a less difficult time proving the charges against Black, and his suggestion that Black consider taking an *Alford* plea were not required under *Frye* and were arguably coercive. Further, Black has demonstrated that the judge's participation was "a material factor affecting [his] decision to plead guilty" and, therefore, he has met his burden of demonstrating

that the judge's participation was not harmless. *Id.* at 771, 137 P.3d at 1192 (quotation marks omitted). Accordingly, we conclude that the district court erred by denying Black's motion to withdraw his guilty plea, and we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings before a different district court judge consistent with this order.

_____, J.
Pickering

_____ J.
Parraguirre

_____, J.
Saitta

cc:     Hon. Douglas Smith, District Judge
        Nguyen & Lay
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk